UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| SCOTT R. TOLER, | : Case No. 3:19-cv-237 |
| Plaintiff, | : |
| vs. | : Magistrate Judge Sharon L. Ovington |
| | : (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

## DECISION AND ENTRY

### I.  Introduction

Plaintiff Scott R. Toler brings this case challenging the Social Security Administration's denial of his application for disability benefits.  In October 2015, Plaintiff filed an application for Supplemental Security Income that was denied initially and upon reconsideration.  After a hearing at Plaintiff's request, Administrative Law Judge (ALJ) Gregory G. Kenyon concluded Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act.  The Appeals Council denied Plaintiff's request for review, and he filed the present action.

He now seeks a remand for benefits, or in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision.

The case is presently before the Court upon Plaintiff's Statement of Errors (Doc. No. 9), the Commissioner's Memorandum in Opposition (Doc. No. 13), Plaintiff's Reply (Doc. No. 15) and the administrative record (Doc. No. 8).

## II.     Background

Plaintiff asserts that he has been under a disability since June 27, 2014. At the time his application was filed, he was forty-four years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). He has a limited education.

The evidence of the record is sufficiently summarized in the ALJ's decision (Doc. No. 8-2, PageID 116-33), Plaintiff's Statement of Errors (Doc. No. 9), Commissioner's Memorandum in Opposition (Doc. No. 13), and Plaintiff's Reply (Doc. No. 15). Rather than repeat these summaries, the Court will focus on the pertinent evidence in the discussion below.

## III.    Standard of Review

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); *see* 42 U.S.C. § 1382(a). The term "disability"—as defined by the Social Security act—has specialized meaning of limited scope. It encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing a significant paid job—i.e., "substantial gainful activity," in Social Security lexicon. 42 U.S.C. §§ 1382c(a)(3)(A)-(B); *see Bowen*, 476 U.S. at 469-70.

Judicial review of an ALJ's non-disability decision proceeds along two lines: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Review for substantial evidence is not driven by whether the Court agrees or disagrees with the ALJ's factual findings or by whether the administrative record contains evidence contrary to those factual findings. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Instead, the ALJ's factual findings are upheld if the substantial-evidence standard is met—that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakely*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance…" *Rogers*, 486 F.3d at 241 (citations and internal quotation marks omitted); *see Gentry*, 741 F.3d at 722.

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746. "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting in part *Bowen*, 478 F.3d at 746, and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## IV. The ALJ's Decision

As noted previously, the Administrative Law Judge was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the Administrative Law Judge considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

Step 1: Plaintiff did not engage in substantial gainful employment since the application date, October 15, 2015.

Step 2: He has the severe impairments of degenerative joint disease of the knee, hepatitis C, depression, an anxiety disorder, and a somatoform disorder.

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work"…except he is limited to occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; no work around hazards such as unprotected heights or dangerous machinery; no operation of automotive equipment; capable of performing unskilled, simple, repetitive tasks with no fast-paced production work or jobs that involve strict production quotas; capable of occasional contact with co-workers and supervisors; no public contact; no teamwork or tandem tasks; jobs that involve very little, if any, change in the jobs duties or work routine from one day to the next.

Step 4: Plaintiff is unable to perform past relevant work.

Step 5: Plaintiff could perform a significant number of jobs that exist in the national economy.

(Doc. No. 8-2, PageID 118-33). Based on these findings, the Administrative Law Judge concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 133.

**V.     Discussion**

Plaintiff raises three primary issues in the present action.  He contends that the Administrative Law Judge reversibly erred at Step Three by failing to evaluate whether Plaintiff's impairments met or equaled the relevant Listings.  Plaintiff also asserts that the Commissioner failed to meet its Step Five burden as the ALJ erroneously excluded Plaintiff's use of a cane from his residual functional capacity and accepted hypothetical.  He also challenges the ALJ's interpretation of certain medical evidence in the record.

**A. Step Three: The Listings**

Plaintiff asserts that his severe impairments could have reasonably met or equaled Listing § 11.08 and that the ALJ did not satisfy his obligation at Step Three in considering whether Plaintiff's impairments met this Listing.  (Doc. No. 9, PageID 1268).

At Step Three, the ALJ must determine whether the claimant has an impairment that meets or medically equals one of the listed impairments in Appendix 1, Subpart P (the "Listings").  20 C.F.R. 416.920(a)(4)(iii).  The Listings describe impairments that are considered by the Social Security Administration to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. § 416.925(a).  "[N]either the listings nor the Sixth Circuit require the ALJ to 'address every listing' or 'to discuss listings that the applicant clearly does not meet.'"  *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (citing *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013)).  However, at this step, the ALJ should discuss the relevant listing "where the record raises a

5

'substantial question as to whether [the claimant] could qualify as disabled under a listing." *Id.* (citing *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)).

Although the claimant has the burden at this step to establish that he meets or equals a listed impairment, *Roby v. Comm'r of Soc. Sec.*, 48 F. App'x 532, 536 (6th Cir. 2002), if the Social Security Administration "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right," the Commissioner's decision will not be upheld. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007). To facilitate meaningful review, "the ALJ need[s] to actually evaluate the evidence, compare it to [the Listing], and give an explained conclusion." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011). Otherwise, "it is impossible to say that the ALJ's decision at Step Three [is] supported by substantial evidence." *Id.*

In the present case, Plaintiff alleges there was no meaningful consideration of Plaintiff's impairments under Listing § 11.08. His position is that the record shows his impairments could potentially meet or equal this listing, and the failure to specifically consider his impairments under § 11.08 was in error. To meet or equal this listing, Plaintiff was required to satisfy the criteria under one of the following sections:

> A. Complete loss of function, as described in 11.00M2, persisting for 3 consecutive months after the disorder; or
> B. Disorganization of motor function in two extremities (see 11.00D1), resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities persisting for 3 consecutive months after the disorder (see 11.00M4); or
> C. Marked limitation (see 11.00G2) in physical functioning (see 11.00G3a) and in one of the following areas of mental functioning, both persisting for 3 consecutive months after the disorder (see 11.00M4):

6

> 1. Understanding, remembering, or applying information (see 11.00G3b(i)); or
> 2. Interacting with others (see 11.00G3b(ii)); or
> 3. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
> 4. Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. Part 404, Subpart P, Appendix 1.

One fact is important to recognize at the onset. At the hearing, Plaintiff's counsel explicitly indicated in his opening and closing statements that Plaintiff believed he met Listing § 11.08(B). (Doc. No. 8-2, PageID 144, 174). Yet, despite this declaration, there was no direct reference to this specific listing at Step Three, nor any part of § 11.08.

Now, this alone would not give rise to independent error. However, in viewing the conclusory nature of the ALJ's assessment at Step Three as to § 11.00 *et seq.*, it supports the conclusion that this assessment is not supported by substantial evidence. It is also difficult to look past the fact that the cursory explanation presumably pertained to all sections in Listing § 11.00, which spans from § 11.01 through § 11.22.[1] In considering these sections, the ALJ's discussion was limited to the following:

> The lightheadedness and balance issues related to [Plaintiff's] somatoform disorder have been evaluated under section 11.00 *et seq.* (neurological disorders), and he does not meet any listing. Additionally, no medical expert has opined that [Plaintiff's] physical impairments medically equals any listing. As such, the severity of [Plaintiff's] physical impairments, considered individually and in combination, does not meet or medically equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1.

(Doc. No. 8-2, PageID 119). This amounts to no more than a "mere rote recitation of boilerplate language," which is "an insufficient explanation for a conclusion regarding the

---

[1] The following sections are listed as "Reserved" in 20 C.F.R. Part 404, Subpart P, Appendix 1: §§ 11.03, 11.15, 11.16, 11.19, 11.21.

7

meeting of a listing and, thus, requires a remand." *Workman v. Comm'r of Soc. Sec.*, No. 1:19-CV-479, 2020 WL 5016805, at *3 (S.D. Ohio Aug. 25, 2020) (Bowman, M.J.).

In response to Plaintiff's assertions, the Commissioner maintains that the determination at Step Three as to § 11.00 was reasonable and that Plaintiff does not satisfy his burden of proving that he has met each requirement under § 11.08. Contrary to the Commissioner's position, the undersigned finds that the record raises a substantial question as to whether Plaintiff meets or medically equals § 11.08(B). Plaintiff has not, however, set forth sufficient evidence that he meets or medically equals § 11.08(A) and § 11.08(C).

Taking the latter sections first, no error occurred as to § 11.08(A) as the record does not raise a substantial question as to this section. The evidence in the medical record suggests that Plaintiff suffered from a deficiency in function, rather than a complete loss of function as required under this section. As an example, Plaintiff concedes that he was able to ambulate, but with accompanying difficulty that was eased through the use of an assistive device. (Doc. No. 9, PageID 1269-70). His participation in physical therapy further suggests he suffered from a deficiency, rather than complete loss, of function. *Id.*

Likewise, as to § 11.08(C), Plaintiff does not set forth sufficient evidence that indicates he suffers from a marked limitation in mental functioning, which is required under this section. In arguing that he suffers from a marked limitation in mental functioning, Plaintiff does not allege which specific mental functioning category under which he has a marked limitation. Similarly, he fails to acknowledge the extensive discussion at Step Three that assessed mild to moderate limitations in these areas. Because

the ALJ's assessment as to these limitations is supported by substantial evidence, the undersigned declines to find that error occurred as to § 11.08(C).

The remaining and most pertinent section, § 11.08(B), requires Plaintiff to set forth sufficient evidence that he suffered from disorganization of motor function in two extremities (i.e. both lower or both upper extremities, or one lower and one upper extremity) resulting in an extreme limitation for three consecutive months.

As to § 11.08(B), the Commissioner argues "the record does not even conclusively establish that Plaintiff has a neurological disorder affecting his gait." (Doc. No. 13, PageID 1294). Yet, "[t]he Court does not decide whether the evidence conclusively establishes that Plaintiff's impairments meet [the Listing]," rather, "it [is] the ALJ's responsibility to weigh and evaluate all that evidence in light of the listing requirements in the first instance." *Vaughn v. Comm'r of Soc. Sec.*, No. 2:16-CV-454, 2018 WL 1521811, at *3 (S.D. Ohio Mar. 28, 2018) (Watson, D.J.). Moreover, the evaluation of Plaintiff's impairments under § 11.00 *et seq.* (neurological disorders), suggests that the ALJ may have understood Plaintiff to have a qualifying neurological disorder. The cursory nature of his Step Three analysis renders it impossible for this Court to determine if he found otherwise.

Looking to the other criteria under § 11.08(B), Plaintiff establishes that he has interference with two of his extremities, particularly both of his lower extremities and that such interference limits his ability to balance while standing or walking. In contesting this criterion, the Commissioner alleges that "the record shows Plaintiff had no difficulty with the movement of any of his two extremities," and points this Court to "normal motor and sensory findings, including normal tone and muscle strength in upper and lower

9

extremities, as well as normal sensation and reflexes throughout." (Doc. No. 13, PageID 1295). However, the Commissioner fails to recognize the relevant evidence from Plaintiff's physical therapist, which Plaintiff references in his Statement of Errors. Plaintiff points to treatment records that reflect an inability to balance while standing or walking such as the physical therapist's observations that Plaintiff "continue[d] to demonstrate decreased safety with ambulation," and that he "require[ed] the gait belt to be donned at all times as he has poor reaction time and limited self corrections to prevent falls." (Doc. No. 9, PageID1270) (citing Doc. No. 8-8, PageID 1116). These records also indicated that Plaintiff "continue[d] to demo significant gait deviations" and "continue[d] to ambulate with wide BOS, TKE, flat foot strike and ataxic gait." *Id.* (citing Doc. No. 8-8, PageID 1097). Records also reflected the use of assistive devices to ambulate safely. *Id.*

Therefore, the record raises a substantial question as to whether Plaintiff could meet or medically equal § 11.08(B). Because the ALJ failed to properly assess Plaintiff's impairments under this listing, Plaintiff's asserted error is well-taken. In light of the foregoing conclusions, the undersigned declines to address Plaintiff's remaining claims.

## VI. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*,

10

478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991). A remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming, and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. The ALJ's non-disability decision is **VACATED**;

2. No finding is made as to whether Plaintiff Scott R. Toler was under a "disability" within the meaning of the Social Security Act;

3. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this decision; and

4. The case is terminated on the Court's docket.

April 23, 2021                                           *s/Sharon L. Ovington*
                                                          Sharon L. Ovington
                                                          United States Magistrate Judge

12